# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| DAISY SPENCER, | * |
| Plaintiff, | * |
| v. | * Case No.: 14-cv-380 |
| SAFEWAY INSURANCE COMPANY OF ALABAMA, INC., | * |
| Defendants. | * |

## NOTICE OF REMOVAL

COME NOW Defendant Safeway Insurance Company of Alabama, Inc., files this Notice to remove the above styled cause from the Circuit Court of Wilcox County, Alabama, to the United States District Court for the Southern District of Alabama, Northern Division, and as grounds therefore, respectfully show unto the Court the following:

1. Plaintiff is over the age of nineteen and is a citizen of the State of Alabama.

2. Defendant, Safeway Insurance Company of Alabama, Inc. is a corporation incorporated in Illinois, with its principal place of business in Illinois, is a citizen of the State of Illinois, with its primary business operations occurring in the State of Illinois. See Exhibits A, B, C, and D.

   a. A corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principle place of business, 28 U.S.C. § 1332(c)(1). In *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1194-95 (2010), the court clarified a corporation's principle place of business for diversity jurisdiction. The Supreme Court has established that a corporation's principle place of business refers

to the place where the corporation's high level officers direct, control and coordinate the corporation's activities and notes that lower federal courts have often metaphorically placed the corporations "nerve center." *Hertz*, 130 S. Ct. 1186, 1192. The Court also noted that in practice, it should normally be the place where the corporation maintains its headquarters - provided that the headquarters is the actual center of direction, control, and coordination, i.e. the nerve center and not simply an office where the corporation holds it board meetings. Further, merely filing a government form listing the principle place of business, without more, will be insufficient to establish a corporation's nerve center. *Id* at 1195. Following *Hertz*, in *Vision Bank v. Dynamic Air, Inc.*, 2011 WL1475939, at *4 (S.D. Ala. Mar. 30, 2011), the Court has stated the nerve center approach is designed to point a court toward a single place within a state that constitutes the corporate brain of the company. The state in which the corporation has extensive contacts or business dealings or the greatest impact on the public is irrelevant to the determination. *Id*.

3. Safeway has a claims office with limited authority in Birmingham, Alabama. However, under the *Hertz* test, its principle place of business is in Illinois. All of Safeway's board of directors and principle controlling persons reside and work in Illinois. Board meetings are held in Illinois and its records and minutes are kept in Illinois. Its officers reside and work in Illinois. The information technology, underwriting, human resources, purchasing, staffing and other functions occur in Illinois. There are over 110 employees in Illinois. The company website is maintained in Illinois. Payments to Safeway are directed to the company's post office box in Illinois. Employee files are maintained in Illinois. Safeway is under the jurisdiction of the Illinois Department of Insurance, not the Alabama Insurance Department, and any regulatory

audits of the operations are conducted by the Illinois Department of Insurance, with the audit records kept in Illinois. Safeway's bank accounts and banking records are maintained in Illinois. Any and all requests for any authority in excess of $25,000 must be approved in Illinois. See Exhibit D, Affidavit of Richard Mizell. Under Alabama law, claims for breach of contract and bad faith based on an insurance contract may only be brought against a party to that contract, the insurer, and thus, the only proper defendant for this cause is Safeway Insurance Company of Alabama, Inc., an Illinois corporation. See *Pate v. Rollison Logging Equipment, Inc.*, 628 So. 2d 337, 343 (Ala. 1993).

4. The gravamen of the complaint here is that Safeway Insurance Company of Alabama, Inc., wrongfully failed to pay a claim of the Plaintiff as the insured for an alleged incident on January 25, 2014, when she allegedly struck an item in the road and her transmission was allegedly damaged. The Plaintiff has filed the Complaint against Safeway Insurance Company of Alabama, Inc. for breach of contract and bad faith. The Complaint seeks both compensatory and punitive damages as a jury may assess. It does not specify an amount. Thus, it does appear that the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs.

5. This Court has jurisdiction of this case under 28 U.S.C. § 1332 and 1341.

6. A copy of the Complaint, Interrogatories and Requests for Production, and Notice of Deposition, the only pleadings thus far served upon the Defendant, are attached as Exhibit E.

7. The Notice of Removal filed in the Circuit Court of Wilcox County is attached hereto as Exhibit F.

8. The Defendant has not filed an Answer to the Complaint in the Circuit Court of Wilcox

County, Alabama.

Respectfully submitted on this the 14th day of August, 2014.

/s David P. Stevens
DAVID P. STEVENS (ASB-4417-E59D)
JARRED E. KAPLAN (ASB-7313-E66K)
Attorneys for Safeway Insurance Company of Alabama, Inc.

OF COUNSEL:
*Holtsford Gilliland Higgins Hitson & Howard, P.C.*
Post Office Box 4128
Montgomery, Alabama 36103-4128
Telephone: (334) 215-8585
Facsimile: (334) 215-7101

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2014, an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of the same in the United States Mail, postage prepaid and properly addressed; and/or (c) by personal/firm email to the following attorneys:

John Gibbs, Esq.
Gibbs & Sellers
Post Office Box 1276
Demopolis, Alabama 36732

David M. Cowan
Law Offices of David M. Cowan, LLC
2020 Canyon Road, Suite 150
Vestavia Hills, AL 35216

/s David P. Stevens
OF COUNSEL