# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| DAISY SPENCER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-00380-CG-N |
| | ) | |
| SAFEWAY INSURANCE COMPANY OF | ) | |
| ALABAMA, INC., | ) | |
|     Defendant. | ) | |

## REPORT AND RECOMMENDATION

On July 24, 2014, Plaintiff Daisy Spencer ("Spencer") filed a complaint against Defendant Safeway Insurance Company of Alabama, Inc. ("Safeway") in the Circuit Court of Wilcox County, Alabama. (*See* Doc. 1-5 at 1-4). On August 14, 2014, Safeway removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, alleging diversity under 28 U.S.C. § 1332(a)(1) as the sole basis for the Court's subject matter jurisdiction.[1] (*See generally* Doc. 1). Spencer has filed a motion to remand (Doc. 9) pursuant to 28 U.S.C. § 1447(c), arguing that Safeway has failed to meet its burden of demonstrating subject matter jurisdiction in this action. Safeway has timely filed a response (Docs. 11-12) in opposition to the motion.

---

[1] Though Safeway does not say when it received a copy of the complaint, the notice of removal was filed within 30 days of the filing of the complaint. Therefore, the notice of removal was filed under 28 U.S.C. § 1446(b)(1). *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 757 (11th Cir. 2010).

    The notice of removal alleges that "[t]his Court has jurisdiction of this case under 28 U.S.C. § 1332 and 1341." (Doc. 1 at 3, ¶ 5). Section 1341 provides that "the district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." This section is plainly inapplicable to this action, and the undersigned presumes that Safeway meant to state "1441" rather than "1341."

This matter has been referred to the undersigned United States Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Federal Rule of Civil Procedure 72(b).[2] Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** that Spencer's motion to remand (Doc. 9) be **GRANTED**.[3]

## I. Analysis

"It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). One such Congressional grant of jurisdiction is found in 28 U.S.C. § 1332(a)(1), which provides that federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States…"

Generally, a defendant may remove "any civil action brought in a State court

---

[2] SD ALA LR 72.2(c)(1) automatically refers to the magistrate judges of this Court "[a]ll civil actions…for the purpose of hearing and determining all nondispositive pretrial motions." "However, in this Court, motions to remand are considered case dispositive under 28 U.S.C. § 636(b)(1) and Rule 72." *Davison v. Lefever*, Civil Action No. 13-00157-N, 2013 WL 4012654, at n.3 (S.D. Ala. Aug. 5, 2013). Nevertheless, it is the practice of Judge Granade, the district judge assigned to this action, to regularly refer motions to remand to the magistrate judges for entry of recommendations.

[3] Though Spencer's deadline to file a reply has not yet passed (*see* Doc. 10), the undersigned finds a reply to be unnecessary prior to the issuance of this recommendation.

2

of which the district courts of the United States have original jurisdiction…to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). *See also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1060 (11th Cir. 2010) ("If a state-court complaint states a case that satisfies federal jurisdictional requirements, a defendant may remove the action to federal court pursuant to 28 U.S.C. § 1446(b).").[4] "Just as a plaintiff bringing an original action is bound to assert jurisdictional bases under Rule 8(a), a removing defendant must also allege the factual bases for federal jurisdiction in its notice of removal under [28 U.S.C. ]§ 1446(a)[,]" *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1216-17 (11th Cir. 2007), and "bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Moreover, the law is clear that, " '[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.' " *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (quoting *Univ. of S. Ala.*, 168 F.3d at 411 (citation omitted)).

In its notice of removal, Safeway has properly alleged facts establishing that this is a civil action "between citizens of different States[,]"[5] § 1332(a)(1), and

---

[4] Like the present action, *Roe* expressly considered the propriety of removal "under the first paragraph of § 1446(b)…" 613 F.3d at 1061 n.4.

[5] Specifically, Spencer, a natural person, is alleged to be a citizen of Alabama, while Safeway, a corporation, is alleged to be a citizen of Illinois, as it was incorporated under that state's laws and has its principal place of business there, s*ee* § 1332(c)(1) (generally, "for the purposes of this section and section 1441 of this title…a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated

3

Spencer does not challenge the allegations supporting diversity of citizenship. Spencer does, however, challenge whether the amount in controversy exceeds $75,000, exclusive of interest and costs.

Spencer's complaint alleges state law claims for breach of contract and bad faith arising from Safeway's denial of her claim under an auto insurance policy for a "loss or damage" suffered by her automobile "on or about January 25, 2014." (Doc. 1-5 at 1-4). The complaint does not plead a specific amount of damages, instead demanding "the value of said loss[,]…the benefit of her policy[,]…mental anguish[,] and…all other damages to which she is entitle under Alabama law" as damages on the breach of contract claim, and "all damages as are set forth herein, including punitive damages[,]" for her bad faith claim. (*Id.* at 2-3).

"If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe*, 613 F.3d at 1061 (quotation omitted). *See also Williams*, 269 F.3d at 1319 ("Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."). "In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Roe*, 613 F.3d at 1061 (citing *Pretka v.*

---

and of the State or foreign state where it has its principal place of business…").
 While Spencer has also sued fictitious defendants, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a)…, the citizenship of defendants sued under fictitious names shall be disregarded." § 1441(b)(1).

4

*Kolter City Plaza II, Inc.,* 608 F.3d 744 (11th Cir. 2010)). "In other cases, however, it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.' " *Id.* (quoting *Pretka,* 608 F.3d at 754 (quoting *Williams,* 269 F.3d at 1319)).

Safeway's notice of removal makes the following allegations in support of requisite amount in controversy, appearing to argue that the amount in controversy is "facially apparent" from the complaint:

> The gravamen of the complaint here is that Safeway Insurance Company of Alabama, Inc., wrongfully failed to pay a claim of the Plaintiff as the insured for an alleged incident on January 25, 2014, when she allegedly struck an item in the road and her transmission was allegedly damaged. The Plaintiff has filed the Complaint against Safeway Insurance Company of Alabama, Inc. for breach of contract and bad faith. The Complaint seeks both compensatory and punitive damages as a jury may assess. It does not specify an amount. Thus, it does appear that the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs.

(Doc. 1 at 3, ¶ 4). Safeway's notice of removal does not offer any additional evidence demonstrating that the amount in controversy is satisfied.

> If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy.
>
> Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not suspend reality

5

> or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Roe*, 613 F.3d at 1061-62 (citations and quotation omitted).

In her motion to remand, Spencer states that the damage to her automobile in the subject incident "consisted of damage to her transmission and a rear shock absorber" and provides evidence that the loss totaled $1,992.60. (Doc. 9 at 1; Doc. 9-2 (Spencer Ex. B, Body Shop Damage Report). Spencer and her counsel also advise that they have "tendered to Safeway an <u>initial</u> (i.e., beginning) settlement demand of $62,500[,]" (Doc. 9 at 4), and that, following removal, they have executed stipulations (on August 29 and September 17, 2014) that "they will never seek or claim more than $72,500.00 in damages in this case[,]" nor will they "accept any amount in excess of $72,500.00 for any settlement, judgment or otherwise in this matter." (Doc. 12-1. *See also* Doc. 9-4). Spencer and her counsel also agree that the stipulations "shall be binding upon any heirs, executors, administrators, representatives and assigns," and that the stipulations "cannot be rescinded or revoked for any reason or any circumstance." (Doc. 12-1. *See also* Doc. 9-4).

Safeway does not contest the value of Spencer's insurance claim, nor does it contest the validity of the damage-limiting stipulations. However, Safeway does argue that Spencer's claims for mental anguish and bad faith, if successful, could conceivably involve damages in excess of the jurisdictional minimum. (*See* Doc. 11 at 1 ("She seeks compensatory damages, damages for mental anguish, and punitive

6

damages due to alleged breach of contract and alleged bad faith by the Defendant. The amount in controversy for the breach of contract claim, based on the exhibit submitted in the Motion to Remand is approximately $1,900.00. However, this ignores any value of the mental anguish claim, which Safeway asserts is not recoverable but if Plaintiff can recover, might have value, and the bad faith claim, also filed as part of this case.").

Generally, "events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." *Poore v. Am.–Amicable Life Ins. Co.*, 218 F.3d 1287, 1291 (11th Cir. 2000), *overruled in part on other grounds as recognized by Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 641 (11th Cir. 2007). *Accord One Buckhead Loop Condo. Ass'n, Inc. v. Pew*, 484 F. App'x 331, 334 (11th Cir. 2012) (*per curiam*). Thus, "[w]here…'the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction.' " *Bankhead v. Am. Suzuki Motor Corp.*, 529 F. Supp. 2d 1329, 1334 (M.D. Ala. 2008) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). *See also Davison v. Lefever*, Civil Action No. 13-00157-N, 2013 WL 4012654, at *2-3 (S.D. Ala. Aug. 5, 2013) ("In determining its subject-matter jurisdiction, this Court is not concerned with the plaintiffs' present or future intentions; the critical point in time is, instead, when the case was removed… Thus, the undersigned is not concerned with the majority of the plaintiffs' stipulation. (citing cases)).

7

That said, it is not true that "post-removal facts must ***never*** be considered in evaluating removal jurisdiction. Rather, the law is clear that post-removal developments are properly weighed where they shed light on the amount in controversy at the time of removal." *Land Clearing Co., LLC v. Navistar, Inc.,* Civil Action No. 11–0645–WS–M, 2012 WL 206171, at *3 (S.D. Ala. Jan. 24, 2012) (Steele, J.) (emphasis in original) (citing *Pretka*, 608 F.3d at 772–73; and *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)). *Accord Davison*, 2013 WL 4012654, at *3.

> "[W]hat is prohibited are post-removal changes in the amount in controversy, not post-removal clarifications of the amount that was in controversy at the moment of removal." *Jackson v. Select Portfolio Servicing, Inc.,* 651 F. Supp. 2d 1279, 1282 (S.D. Ala. 2009). Thus, if a plaintiff comes forward after removal and clarifies (as opposed to altering) facts bearing on the amount in controversy, courts in this Circuit routinely accept such evidence in determining whether § 1332 jurisdiction existed at the moment of removal.

*Land Clearing*, 2012 WL 206171, at *3.

Where, as here, the amount in controversy is not clear on the face of the state court complaint, this Court has deemed post-removal stipulations and representations such as the ones presented by Spencer this action to be proper "clarifications," rather than "changes," to the amount in controversy. *See, e.g., Hardy v. Jim Walter Homes, Inc.*, Civil Action No. 06-0687-WS-B, 2007 WL 1889896, *3 & n.6 (S.D. Ala. June 28, 2007) (accepting plaintiffs' post-removal affidavits averring that they do not seek and will not accept more than $74,000 in damages, reasoning that "[u]nder firmly entrenched Circuit precedent, these affidavits are properly considered to clarify the amount in controversy at the time of

8

removal"); *Land Clearing*, 2012 WL 206171, at *4 & n.5 ("Land Clearing's evidence is exactly the sort of clarification that courts examine in ascertaining whether the $75,000 amount-in-controversy threshold was present when the notice of removal was filed. Plaintiff's counsel's insistence that his client does not seek, and will not accept, more than $74,000 from defendants looms large in the jurisdictional inquiry, and merits considerable deference." (citing cases)); *Davison*, 2013 WL 4012654, at *3 ("Here, fortunately for purposes of remand, the jurisdictional amount was ambiguous on the face of complaint filed in state court, and the plaintiffs' affidavit sheds some light on their thinking at the time they filed their complaint. The first sentence begins, 'Plaintiffs, and their undersigned counsel, irrevocably stipulate that the total amount in controversy for this case for all claims of both Plaintiffs, collectively and in the aggregate, is less than $75,000, exclusive of interests and costs...' As such, this sentence is properly viewed as a 'clarification.' " (citing cases)).[6]

---

[6] In support of its argument that Spencer's post-removal stipulations should not be considered for purposes of removal, Safeway has cited to a recent opinion by Magistrate Judge Cassady in *Hall v. State Farm Mutual Automobile Insurance Company*, SD Ala. Case No. 2:14-cv-00093-C, Doc. 13. There, in denying the plaintiff's motion to remand on the basis that the amount in controversy did not support diversity jurisdiction, Judge Cassady, *inter alia*, declined to accept the plaintiff's stipulation in his motion to remand that he would limit his recovery to $75,000, finding that this limitations was not presented to clarify facts or resolve an ambiguity in the amount in controversy at the time of removal, but was instead "a post-removal decision by the Plaintiff to limit his recovery to $75,000." (*See* SD Ala. Case No. 2:14-cv-00093-C, Doc. 13 at 13-14). *Hall*, however, is distinguishable. In *Hall*, the plaintiff "sought to recover payment on his underinsured motorist claim for his [bodily ]injuries in the underlying automobile accident." (*Id.* at 14). There, Judge Cassady found "the evidence reveal[ed] that the Plaintiff's damages were significant and that the underinsured motorist coverage was not limited to $75,000." (*Id.*). In the present action, it is undisputed that the insurance claim at issue is only for damage to Spencer's automobile and that the claim is for less than $2,000, and no evidence has been presented regarding the amount in coverage available under the subject policy.

Attorneys who appear on behalf of parties "are officers of this court and subject to sanctions under Federal Rule of Civil Procedure 11 for making a representation to the court for an improper purpose, such as merely to defeat diversity jurisdiction…" *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003) (footnote omitted). Thus, when a plaintiff's attorney "represent[s] that [sh]e does not seek and, more importantly, *will not accept* damages in excess of [the jurisdictional minimum, the Court] give[s] great deference to such representations and presume[s] them to be true." *Id.* (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("Every lawyer is an officer of the court. And, in addition to his duty of diligently researching his client's case, he always has a duty of candor to the tribunal.")). *Accord Land Clearing*, 2012 WL 206171, at *4. Moreover, in addition to her stipulations, Spencer has represented in her motion to remand that she has offered to settle this action for $62,500, and Safeway does not contradict this. "While [a] settlement offer, by itself, may not be determinative, it counts for something." *Burns*, 31 F.3d at 1097. *Accord Land Clearing*, 2012 WL 206171, at n.6 (citing similar cases). Taken together, the stipulations and the settlement offer present compelling evidence that the amount in controversy does not in fact exceed $75,000.

Safeway "has offered no evidence to rebut [Spencer]'s representation and no evidence to show that [Spencer]'s bad faith[ and mental anguish] claims would satisfy the amount in controversy." *Federated Mut.*, 329 F.3d at 809. Indeed, Safeway has not even attempted to cite or explain any relevant state law regarding

10

bad faith, mental anguish, or punitive damages, it has offered nothing but pure speculation and conclusory assertions that, in addition to the $1,992.60 that is the undisputed the total of the insurance claim at issue, Spencer would be able to recover at least $73,007.41 in mental anguish, punitive damages, and any other type of damages in this action (i.e. approximately 37 times the amount of her insurance claim). Even if Safeway had attempted to cite past cases in which claims similar to those in the present case resulted in damages exceeding the jurisdictional minimum, as is a common practice in removal based on diversity, this would be insufficient to overcome Spencer's express representations. *See id.* ("Federated does point to a number of Alabama cases where courts have awarded punitive damages well in excess of $75,000 for bad faith failure to pay,…but mere citation to what has happened in the past does nothing to overcome the indeterminate and speculative nature of Federated's assertion in this case.").

In sum, the undersigned finds that Safeway has failed to meet its burden on removal to demonstrate that this Court has subject matter jurisdiction over the claims at issue. Thus, this case is due to be remanded to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## II. Conclusion

Based on the foregoing analysis, it is **RECOMMENDED** that Spencer's motion to remand (Doc. 9) be **GRANTED** and that this case be **REMANDED** to the Circuit Court of Wilcox County, Alabama.

11

## III. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 19th day of September 2014.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**